UNITED STATES DISTRICT OURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| CHRISTINA MATTHEWS,<br>    *Plaintiff*,<br><br>v.<br><br>PILGRIM'S PRIDE CORP.,<br>    *Defendant*. | CIVIL ACTION NO. 9:17-CV-0082 |

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and the Local Rules for the United States District Court for the Eastern District of Texas, this matter was referred to United States Magistrate Judge Keith F. Giblin for entry of findings and recommendation on case-dispositive motions and determination of non-dispositive matters. On August 9, 2018, Judge Giblin entered his report and recommendation (Doc. No. 44) recommending that the District Court grant the defendant's motion for summary judgment.

Plaintiff, a *pro se* litigant proceeding *in forma pauperis*, timely filed objections to the magistrate judge's Report and Recommendation (Doc. No. 46). The Court has accordingly conducted a *de novo* review of the objections and the response in relation to the pleadings, the record, and the applicable law. *See* Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b). After careful consideration, the Court concludes that the objections are without merit.

Plaintiff objects to the magistrate judge's findings that Plaintiff failed to provide any evidence supporting her allegations of discrimination, retaliation, or harassment/hostile work environment. Plaintiff appears to argue that Judge Giblin erred in finding that the allegations in

1

her union statement were not sufficient to carry her burden of proof—in effect, Plaintiff argues that her union statement served not only to lay out her allegations against Defendant but also as evidentiary support for those allegations. *See* Objections, at p. 1. Plaintiff also argues that the magistrate judge should have required Defendant to prove that the allegations in her union statement were not true. In other words, Plaintiff argues that Judge Giblin did not apply the deferential standard owed to *pro se* litigants and that his failure to do so caused him to misinterpret her allegations and improperly analyze the case. *See* Objections, at p. 4.

The Court is unconvinced that the magistrate judge failed to apply the *pro se* standard to Plaintiff's allegations, that he erred in finding Plaintiff did not carry her burden of proof, and that the Defendant should have been required to disprove the allegations in Plaintiff's union statement. The Court concludes that, even applying the deferential standard owed to *pro se* litigants, Plaintiff failed to support her allegations as discussed in the Report and Recommendation.

At the outset, the Court finds that Judge Giblin did grant Plaintiff the proper leniency owed to a *pro se* litigant. In a Title VII discrimination case in which a Plaintiff presents no direct evidence of discrimination, the Plaintiff must instead establish a *prima facie* case for any claim to succeed. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). As the magistrate judge noted, Plaintiff failed to establish a *prima facie* case for her discrimination claims. Notwithstanding this initial finding, Judge Giblin nevertheless assumed that Plaintiff *had* established a *prima facie* case. Judge Giblin's decision to proceed with the analysis, despite Plaintiff's initial failure to establish a *prima facie* case, clearly demonstrates that he "liberally construe[d]" Plaintiff's complaint and "appl[ied] less stringent standards" to her claims as a *pro se* litigant.[1] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

---

[1] The magistrate judge also afforded Plaintiff the same leniency with respect to her retaliation claim and proceeded with the analysis despite Plaintiff's failure to establish a *prima facie* case. Regarding Plaintiff's harassment claim, the

In any event, the magistrate judge's recommendation to grant summary judgment was based on Plaintiff's failure to produce any evidence supporting her allegations in her union statement, let alone any evidence demonstrating that the nondiscriminatory reasons Defendant provided for its actions were merely pretextual. The Court emphasizes that a judge's role at the summary judgment stage is to consider whether there is any genuine issue of fact while making all justifiable inferences in the non-moving party's favor. *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In other words, if the facts are clear and the non-moving party—in this case, Plaintiff—has failed to produce any evidence indicating there is a key fact that *could be* in question, then a motion for summary judgment must be granted. Here, the record clearly demonstrates that Plaintiff based her claims against Defendant only on her union statement and did not provide any evidence indicating that Defendant's actions against her, while facially legitimate, were actually pretextual. *See Grant*, 59 F.3d at 524 (dismissing a case where the appellant's brief did "little more than restate the relevant factual events leading to his original complaint"). Thus, applying the lenient *pro se* standard, the magistrate judge correctly determined that the Court should grant Defendant's motion for summary judgment.[2]

The Court has considered the objections and Judge Giblin's report. Having conducted a *de novo* review, the Court is of the opinion that the findings and conclusions of the magistrate

---

magistrate judge found that Plaintiff did not establish a *prima facie* case. The Court agrees with the magistrate judge, however, and concludes that, even under the *pro se* standard, Plaintiff failed to "make any relevant arguments" with respect to her harassment claim. *See Ramirez v. Isgur*, 544 F. App'x 532, 533 (5th Cir. 2013). Thus, the finding on Plaintiff's harassment claim does not indicate that the magistrate judge failed to grant Plaintiff leniency.

[2] The Court also agrees with the magistrate judge's analysis regarding Plaintiff's "Response to Defendants [sic] Summary Judgement [sic]." (Doc No. 36); *see* Report, at p. 13. With respect to any new claims Plaintiff asserted outside her pleadings, not only are they untimely, but they are not supported by argument or with reference to any authority, and thus, any new claims are abandoned. *Ramirez*, 544 F. App'x at 533 ("Even *pro se* briefs must make relevant arguments and cite relevant authorities . . . [and because] [a]ppellants fail to do so, . . . we deem their contentions abandoned.").

judge are correct. It is therefore **ORDERED t**hat the *Report and Recommendation on Motion for Summary Judgment* (Doc. No. 44) is **ADOPTED**. The Plaintiff's objections (Doc. No. 46) are **OVERRRULED**. This Court therefore **ORDERS** that Defendant's Motion for Summary Judgment (Doc. No. 32) is **GRANTED**.

The Court grants summary judgment in favor of defendant Pilgrim's Pride Corp., on the plaintiff's causes of action for discrimination, retaliation, and harassment/hostile workplace environment. Those claims are **DISMISSED**, with prejudice.

So **ORDERED** and **SIGNED September 12, 2018.**

_____
Ron Clark, Senior District Judge